# EXHIBIT 1

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 1 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 1 of 23

C\m

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Civ. No.  2:09 2692 (LDW) (ETB)** |
| Plaintiff, | |
| v. | |
| **CLASSIC CLOSEOUTS, LLC**, a limited liability company, also d/b/a **CLASSICCLOSEOUTS.COM; IVAL GROUP, LLC**, a limited liability company; **AYC HOLDING CORP.; 110 WEST GRAHAM AVENUE CORP.; DANIEL J. GREENBERG**, individually, as an officer of **CLASSIC CLOSEOUTS, LLC**, and d/b/a **THIRDFREE.COM**, and as an officer of **IVAL GROUP, LLC, AYC HOLDING CORP.**, and **110 WEST GRAHAM AVENUE CORP.; YGC ENTERPRISES, INC.; STEPHANIE H. GREENBERG**, individually, as an officer of **YGC ENTERPRISES, INC.; HAZEN NY INC.**, also known as **HAZEN NY**; and **JONATHAN BRUK**, also known as **JONATHAN J. BROOK** and **YOCHANON BRUK**, individually, as an officer of **HAZEN NY INC.** | **(~~PROPOSED~~) STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND CONSUMER REDRESS AS TO DEFENDANT DANIEL J. GREENBERG** |
| | **F I L E D** |
| | **IN CLERK'S OFFICE** |
| | **U.S. DISTRICT COURT E.D N Y** |
| | **★   DEC 1 3 2010   ★** |
| | **LONG ISLAND OFFICE** |
| | 12/13/10 |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), commenced this

action on June 24, 2009 by filing its Complaint against defendants Classic Closeouts, LLC

("CCL") and Daniel J. Greenberg, individually, as an officer of CCL, and doing business as

Thirdfree.com ("Greenberg" or "Defendant Greenberg") for injunctive and other equitable relief,

113

Case 8-10-08753-reg    Doc 10-1    Filed 02/11/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 2 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 2 of 23

including rescission or reformation of contracts, restitution, and disgorgement of ill-gotten monies, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission filed its First Amended Complaint For Permanent Injunction and Other Equitable Relief ("Amended Complaint") on July 22, 2009, adding new defendants, including, but not limited to, Defendants IVAL Group, LLC, a New York limited liability company; AYC Holding Corp., a New York corporation; and 110 West Graham Avenue Corp., a New York corporation; and naming Defendant Greenberg as an officer of such new defendants.

On October 21, 2009, Defendant Greenberg stipulated to a preliminary injunction order that was entered by the Court on October 26, 2009.

On or about August 5, 2010, Defendant Greenberg filed a petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.,* in the United States Bankruptcy Court for the Eastern District of New York (Case No. 8-10-76154) (the "Greenberg Bankruptcy Case"). Richard L. Stern was appointed the Chapter 7 Trustee in the Greenberg Bankruptcy Case. The Commission's action against Defendant Greenberg, including the enforcement of a judgment other than a monetary judgment obtained in this action, is not stayed by 11 U.S.C § 362(a)(1), (2), (3), or (6), pursuant to § 362(b)(4) and, thus, falls within an exception to the automatic stay.

The Commission and Defendant Greenberg have now agreed to a settlement of this action without adjudication of any issue of fact or law, and without Defendant Greenberg admitting to the truth of, in fact or law, or to liability for any of the violations alleged in the Amended Complaint.

**THEREFORE,** on the joint motion of the Commission and Defendant Greenberg, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 3 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 3 of 23

## FINDINGS

1. This Court has jurisdiction over the subject matter of and the parties to this action.

2. Venue is proper in the United States District Court for the Eastern District of New York.

3. The Commission has authority to seek the relief it has requested, and the Amended Complaint states a claim upon which relief may be granted against Defendant Greenberg under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

4. The activities of Defendant Greenberg are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The Commission and Defendant Greenberg stipulate and agree to this Final Judgment and Order ("Final Order") to settle and resolve all matters in dispute arising from the Amended Complaint in the above-captioned action to the date of entry of this Final Order.

6. Defendant Greenberg has entered into this Final Order freely and without coercion. Defendant Greenberg acknowledges that he has read or otherwise been fully advised of the provisions of this Final Order and has agreed to abide by them.

7. Defendant Greenberg waives all rights to seek judicial review or otherwise challenge or contest the validity of this Final Order.

8. Defendant Greenberg waives any claim he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64, concerning the prosecution of this action through the date of the entry of this Final Order.

9. The Commission and Defendant Greenberg stipulate and agree to entry of this Final Order, without trial or final adjudication of any fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Amended Complaint to the date of entry of this Final Order. This settlement does not settle or resolve any matters not arising out of, or related to,

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 4 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 4 of 23

the operative set of facts alleged in the Amended Complaint. Defendant Greenberg does not

admit any of the allegations set forth in the Amended Complaint, in fact or in law, other than

the jurisdictional facts, merely by stipulating and agreeing to the entry of this Final Order.

10.    The parties shall each bear their own costs and attorneys' fees.

11.    Entry of this Final Order is in the public interest.

## DEFINITIONS

1. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real and personal

property, including, but not limited to, chattel, goods, instruments, equipment, fixtures,

general intangibles, effects, leaseholds, premises, mail or other deliveries, shares of stock,

lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and

all cash, wherever located.

2. **"FTC"** or **"Commission"** means the Federal Trade Commission.

3. **"Individual Defendants"** means Daniel J. Greenberg, individually, as an officer of Classic

Closeouts, LLC, and doing business as ThirdFree.com, and as an officer of IVAL Group,

LLC, AYC Holding Corp., and 110 West Graham Avenue Corp.; Stephanie H. Greenberg,

individually, and as an officer of YGC Enterprises, Inc.; and Jonathan Bruk, also known as

Jonathan J. Brook and Yochanon Bruk, individually, and as an officer of Hazen NY Inc.

4. **"Business Defendants"** means Classic Closeouts, LLC, a New York and Nevada limited

liability company; IVAL Group, LLC, a New York limited liability company; AYC Holding

Corp., a New York corporation; 110 West Graham Avenue Corp., a New York corporation;

YGC Enterprises, Inc., a New York corporation; and Hazen NY Inc., a New York

corporation, also known as Hazen NY, and their successors and assigns.

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 5 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 5 of 23

5. **"Defendants"** means all of the Individual Defendants and the Business Defendants, individually, collectively, or in any combination.

6. **"Document"** or **"documents"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term "document."

7. **"Express Verifiable Authorization"** means:

    a. the consumer's express written or digital authorization to purchase the product or service that is the subject of the transaction and the consumer's authorization to assess a charge against a specified account for payment. Such authorization must include the consumer's signature (the term "signature" includes a verifiable electronic or digital form of signature, to the extent such form of signature is recognized as a valid signature under applicable federal law or state contract law); or

    b. The consumer's express oral authorization to purchase the product or service that is the subject of the transaction and the consumer's authorization to assess a charge against a specified account for payment that is audio-recorded, as follows:

        (i)   The recording must evidence that the consumer, during that transaction, at a minimum, has provided the last four (4) digits of the account number to be charged;

        (ii)  The recording must include the entirety of the transaction;

        (iii) The recording can be identified and located by either the consumer's name or telephone number; and

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 6 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 6 of 23

    (iv)  A copy of the recording must be provided upon request to the consumer, the

consumer's bank, credit or debit card company or other billing entity, state attorney

general or consumer protection agency, and the Commission.

8.  **"Person"** or **"persons"** means a natural person, an organization or other legal entity,

including a corporation, partnership, sole proprietorship, limited liability company,

association, cooperative, or any other group or combination acting as an entity.

9.  **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or

services.

10. The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary, in

order to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

**I.**    **PROHIBITED BUSINESS ACTIVITIES**

**IT IS HEREBY ORDERED** that:

A.  In connection with the advertising, marketing, promotion, offering for sale, or sale of goods

or services by any means whatsoever, including, but not limited to the Internet, the World

Wide Web, or any web site, Defendant Greenberg and his officers, agents, employees, and

corporations, and those persons in active concert or participation with them who receive

actual notice of this Final Order by personal service or otherwise, whether acting directly or

through any trust, corporation, subsidiary, division or other device, including, but not limited

to, fictitious business names, are hereby permanently restrained and enjoined from:

1. Charging, or causing to be charged, any consumer's credit card, or debiting, or causing to

be debited, any consumer's bank account without the consumer's Express Verifiable

Authorization for such charge or debit to be made;

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 7 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 7 of 23

2. Directly or indirectly misrepresenting, expressly or by implication, that a consumer is obligated to pay any charge or debit that has not been expressly authorized by the consumer;

3. Making, or assisting in the making of, expressly or by implication, orally or in writing, any false or misleading statement or representation of material fact in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service, including, but not limited to, any false or misleading representation in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service via the Internet;

4. Making, or assisting in the making of, expressly or by implication, orally or in writing, any false or misleading statement or representation of material fact to credit card companies or financial institutions in connection with disputed posts, charges or debits to consumers' credit cards or bank accounts; and

5. Using any fictitious, false, or assumed title or name, other than their own proper name or any fictitious business name filed with the appropriate state governmental authorities, or otherwise misrepresenting their true identities in the course of business dealings or in publicly filed documents.

**IT IS FURTHER ORDERED** that:

B. Defendant Greenberg, whether acting directly or through any trust, corporation, subsidiary, division or other device, including, but not limited to, fictitious business names, is permanently restrained and enjoined from owning or controlling, holding a managerial post, consulting for, or serving as an officer in any Internet-related business that handles consumers' credit card or debit card accounts, or the information derived therefrom;

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 8 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 8 of 23

*Provided, however,* that nothing in this Section shall prohibit Defendant Greenberg from owning a non-controlling number of shares of any Internet-related corporation or business entity that handles consumers' credit card or debit card accounts, or the information derived therefrom whose shares are publicly traded on one or more of the following exchanges: New York Stock Exchange, NASDAQ, American Stock Exchange; and

*Provided, further,* that nothing in this Section shall prohibit Defendant Greenberg from being an employee of any Internet-related business that handles consumers' credit card or debit card accounts, or the information received therefrom, so long as Defendant Greenberg does not use any of those credit or debit card accounts, or any information derived therefrom, for any purpose other than the lawful and legitimate processing of a credit or debit card transaction that is expressly authorized by the cardholder for goods sold or services provided by Defendant Greenberg's employer.

## II.    MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered in favor of the Commission and against Defendant Greenberg in the amount of two million, eighty thousand dollars ($2,080,000), without Daniel Greenberg admitting liability for any of the violations alleged in the Amended Complaint.

B. Suspended Judgment – Except as provided in Section III of this Final Order, entitled "Right to Reopen as to Monetary Judgment," the judgment shall be suspended as to the Commission only after entry of the nondischargeability order in the Greenberg Bankruptcy Case as required by Subsection 1 below, and on satisfaction of the following conditions:

1. Defendant Greenberg stipulates and agrees that the judgment ordered by this Section is not dischargeable in bankruptcy and agrees to the concurrent filing by the Commission in

Case 8-10-08753-reg    Doc 10-1    Filed 02/11/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 9 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 9 of 23

the Greenberg Bankruptcy Case, of: 1) a Complaint to Determine Nondischargeability of Debt Owed to the Federal Trade Commission (in the form attached hereto as **Attachment A**), and 2) a Stipulated Judgment for Nondischargeability of Debt owed to the Federal Trade Commission (in the form attached hereto as **Attachment B**), which Defendant Greenberg has executed concurrently with his execution of this Order, determining that the judgment ordered by this Section, including the conditions set forth in the Section of this Order titled "Right to Reopen," will be nondischargeable pursuant to Section 523 of the Bankruptcy Code, 11 U.S.C. § 523;

2.  Defendant Greenberg further stipulates and agrees, pursuant to Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, to the allowance of a general unsecured claim in the Greenberg Bankruptcy Case in favor of the FTC in the amount of two million, eighty thousand dollars ($2,080,000), less the sum of any payments previously made, and that the FTC is entitled to participate in any payments in Defendant Greenberg's Bankruptcy Case, paid on account of such allowed general unsecured claim;

3.  Defendant Greenberg shall surrender and deliver to the Commission or its designated agents all right, title and interest to, and possession of the following personal property solely owned by Defendant Greenberg or jointly owned with his wife, Defendant Stephanie Greenberg, that Defendant Greenberg testified about on March 2, 2010, to the extent that these items are within Defendant Greenberg's possession, custody, or control:

    a.    Two Bose sound systems;

    b.    Two humidors;

    c.    Three St. Dupont lighters;

    d.    Three pens (Montblanc, Louis Vuitton and Cartier);

e.    All MacKenzie-Childs dishes and serving pieces;

f.    Diamond tennis bracelet;

g.    Locman ladies watch;

h.    Breitling watch;

i.    Two Audemars watches (Audemars Royal Oak watch and Audemars gold watch);

j.    International Watch Company watch;

k.    Rolex watch;

l.    Locman men's watch;

m.    Patek Phillipe men's watch;

n.    All guitars and guitar equipment; and

o.    All cufflinks;

*Provided, however,* that as to items listed above that are not in Defendant Greenberg's possession, custody, or control, Defendant Greenberg will not assert a claim in any court or other tribunal to recover possession of these items, except to the extent necessary to obtain them in order to turn them over to the FTC. *Provided further*, that if Defendant Greenberg obtains possession of any of these items at any time, he shall turn them over to the Commission or its designated agents within ten (10) days of obtaining such possession.

4. The Commission or its designated agents shall liquidate said property and the proceeds from the sale shall be paid to the Commission;

5. Due to the Greenberg Bankruptcy Case, the transfer and liquidation of assets identified in subsection II.B.3 and 4 shall not take effect, if those assets are property of the estate in the

Greenberg Bankruptcy Case and not otherwise exempt, unless and until the bankruptcy court

grants relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and Defendant

Greenberg further agrees that the FTC shall be entitled to seek and obtain relief from the

automatic stay, and that any rights Defendant Greenberg may have to object to, stay, oppose,

inhibit or interfere with obtaining such relief, including any rights under 11 U.S.C. §§ 105

and 362, are hereby released and waived.  Defendant Greenberg acknowledges that the

foregoing waiver is a material inducement to the FTC's willingness to enter into this Final

Order.  Alternatively, the transfer and liquidation of assets identified in subsection II.B.3 and

4 shall take place after the automatic stay in the Greenberg Bankruptcy Case terminates as

provided in 11 U.S.C. § 362(c)(2).  Defendant Greenberg further acknowledges and agrees

that the value of the assets identified in subsection II.B.3 is less than the amount of the

judgment owing to the Commission; and

6. Defendant Greenberg shall hereby surrender all claims to dominion, control of, and title to all

funds belonging to CCL, IVAL Group, LLC, or other Business Defendants paid over to the

Commission by third parties pursuant to any final judgment to be entered against such

Business Defendants.  Defendant Greenberg shall make no claim to or demand return of such

funds, directly or indirectly, through counsel or otherwise.

C. Funds paid over to the Commission or its agents pursuant to this Final Order shall be deposited

into a fund administered by the Commission or its designated agents to be used for equitable

relief, including, but not limited to, consumer redress and any attendant expenses for the

administration of any redress fund.  Defendant Greenberg shall cooperate fully to assist the

Commission in identifying consumers who may be entitled to redress pursuant to this Final

Order.  However, Defendant Greenberg's obligation is limited to identifying the names of those

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 12 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 12 of 23

consumers that are within his possession, custody, or control, and this obligation shall not impose upon Defendant Greenberg any other affirmative obligation to identify such consumers. In the event that direct redress to consumers is wholly or partially impracticable, or funds remain after redress is completed, the Commission may apply funds for any other equitable relief (including consumer information remedies) that it determines to be reasonably related to the practices alleged in the Amended Complaint. Any funds not used for such equitable relief shall be deposited into the U.S. Treasury as disgorgement. Defendant Greenberg shall have no right to challenge the Commission's choice of remedies under this Section;

D. The Commission is authorized to verify all information provided by Defendant Greenberg on his financial disclosure forms with all appropriate third parties, including, but not limited to, financial institutions;

E. Defendant Greenberg acknowledges and agrees that the judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and is not a fine, penalty, punitive assessment, or forfeiture;

F. Defendant Greenberg relinquishes all dominion, control, and title to the funds paid or property surrendered pursuant to this Final Order to the fullest extent permitted by law. Defendant Greenberg shall make no claim to or demand for return of the funds or property, directly or indirectly, through counsel or otherwise;

G. Defendant Greenberg shall provide the Commission with a clear, legible and full-size photocopy of all valid driver's licenses he possesses, which will be used for reporting and compliance purposes;

H. Defendant Greenberg is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission his taxpayer identifying numbers (social security number or employer

identification number), which shall be used for purposes of collecting and reporting on any

delinquent amount arising out of this Final Order; and

I.  Any proceedings to lift the suspension of judgment instituted under this Section is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Final Order.

## III.    RIGHT TO REOPEN AS TO MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.  By agreeing to this Final Order, Defendant Greenberg reaffirms and attests to the truthfulness, accuracy, and completeness of his sworn testimony given at his financial disclosure deposition on March 2, 2010, and the truthfulness, accuracy, and completeness of Greenberg's sworn financial disclosure statements for himself, dated January 13, 2010 and July 1, 2009, as supplemented by Greenberg's counsel's letters of January 20, 2010 and February 3, 2010, and Greenberg's sworn financial disclosure statement for CCL dated July 2, 2009 (collectively the "Financial Statements"), and his filed tax returns for years 2005 through 2008 (the "Tax Returns").  This Court's Final Order, and the Commission's agreement to enter into this Final Order, are expressly premised upon the truthfulness, accuracy, and completeness of Defendant Greenberg's financial condition, as represented in the Financial Statements and Tax Returns referenced above, which contain material information upon which the Commission relied in negotiating and agreeing to the terms of this Final Order.

B.  If, upon motion by the Commission, this Court should find that Defendant Greenberg failed to disclose any material asset, or materially misrepresented the value of any asset, including, but not limited to, any asset held in his name, singly or jointly, in any financial or brokerage institution, or by any escrow agent, title company, commodity trading company, automated

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 14 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 14 of 23

clearing house, network transaction processor, business entity in China or any other foreign country, or made any other material misrepresentation in or omission from the Financial Statements or Tax Returns, the Court shall require Defendant Greenberg to turn over any such asset to the Commission and shall reinstate the suspended judgment against Defendant Greenberg, in favor of the Commission, in the amount of two million eighty thousand dollars ($2,080,000), which will be immediately due and payable, less any payments made in partial satisfaction of this judgment, plus interest from the entry date of this Final Order, pursuant to 28 U.S.C. § 1961.

*Provided, however,* that in all other respects, this Final Order shall remain in full force and effect unless otherwise ordered by the Court.

## IV.    ORDER PROVISION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Greenberg, and his officers, agents, employees, and corporations, and those persons in active concert or participation with any of them who receive actual notice of this Final Order by personal service or otherwise, whether acting directly or through any trust corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names, are hereby permanently restrained and enjoined from:

A. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Final Order, including, but not limited to, any customer information obtained through Classiccloseouts.com; and

Case 8-10-08753-reg   Doc 10-1   Filed 02/11/11   Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB   Document 113   Filed 12/13/10   Page 15 of 23
Case 2:09-cv-02692-LDW -ETB   Document 110-1   Filed 12/07/10   Page 15 of 23

B. Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Final Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.
*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Final Order, and (ii) investigating the accuracy of Defendant Greenberg's Financial Statements and Tax Returns upon which the Commission's agreement to this Final Order is expressly premised:

A. Within ten (10) business days of receipt of written notice from a representative of the Commission, Defendant Greenberg shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in his possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including, but not limited to:

  1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2. having its representatives pose as consumers and suppliers to Defendant Greenberg, his

employees, or any other entity managed or controlled in whole or in part by Defendant

Greenberg, without the necessity of identification or prior notice; and

C. Defendant Greenberg shall permit representatives of the Commission to interview any

employer, consultant, independent contractor, representative, agent, or employee who has

agreed to such an interview, relating in any way to any conduct subject to this Final Order.  The

person interviewed may have counsel present.

*Provided, however,* that nothing in this Final Order shall limit the Commission's lawful use of

compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

obtain any documentary material, tangible things, testimony, or information relevant to unfair

or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C.

§ 45(a)(1)).

## VI.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Final

Order may be monitored:

A. For a period of five (5) years from the date of entry of this Final Order,

1. Defendant Greenberg shall notify the Commission of the following:

a.    Any changes in such Defendant's residence, mailing addresses, and telephone

numbers, within ten (10) days of the date of such change;

b.    Any changes in such Defendant's employment status (including self-employment), and

any change in such Defendant's ownership in any business entity, within ten (10) days

of the date of such change.  Such notice shall include the name and address of each

business that such Defendant is affiliated with, employed by, creates or forms, or

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 17 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 17 of 23

performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

c.    Any changes in such Defendant's name or use of any aliases or fictitious names, within ten (10) days of the date of such change;

2. Defendant Greenberg shall notify the Commission of any changes in structure of any Business Defendant or any business entity that Defendant Greenberg directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Final Order, including, but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided that*, with respect to any such change in the business entity about which Defendant Greenberg learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Final Order and annually thereafter for a period of five (5) years, Defendant Greenberg shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Final Order. This report shall include, but not be limited to:

1. Such Defendant's then-current residence address, mailing addresses, and telephone numbers;

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 18 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 18 of 23

2. Such Defendant's then-current employment status (including self-employment), including the names, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment;

3. A copy of each acknowledgment of receipt of this Final Order, obtained pursuant to the Section titled "Distribution of Order;" and

4. Any other changes required to be reported under Subsection A of this Section.

C. Defendant Greenberg shall notify the Commission of the filing of a bankruptcy petition by himself or any Business Defendant or any business entity that he directly or indirectly controls, or has an ownership interest in, within fifteen (15) days of filing.

D. For the purposes of this Final Order, Defendant Greenberg shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Final Order to the Commission, to the following address:

Associate Director for Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
RE: FTC v. Classic Closeouts, LLC, X090058

*Provided* that, in lieu of overnight courier, Defendant Greenberg may send such reports or notifications by first-class mail, but only if Defendant Greenberg contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Final Order, the Commission is authorized to communicate in writing with his attorney, Ernest Edward

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 19 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 19 of 23

Badway, Esq, Fox Rothschild LLP, 100 Park Avenue, Suite 1500, New York, NY 10014, (212)

878-7900 (phone), (212) 692-0940 (fax), ebadway@foxrothschild.com. Further, in the event

that the Commission is advised that Mr. Badway no longer represents Defendant Greenberg,

the Commission may communicate with Defendant Greenberg directly, only until such time as

the Commission is informed that Defendant Greenberg is represented by a new attorney.

*Provided, however,* nothing in this provision shall limit the Commission's authority to pose as a

consumer or supplier pursuant to Subsection B.2 of the Section titled "Compliance

Monitoring."

## VII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this

Final Order, in connection with the advertising, marketing, promoting, offering for sale, or sale of

goods or services via the Internet, Defendant Greenberg for any business for which he is the

majority owner or directly or indirectly controls, is hereby restrained and enjoined from failing to

create and retain the following records:

A.   Accounting records that reflect the cost of goods or services sold, revenues generated, and the

disbursement of such revenues;

B.   Personnel records accurately reflecting: the name, address, and telephone number of each

person employed in any capacity by such business, including as an independent contractor; that

person's job title or position; the date upon which the person commenced work; and the date

and reason for the person's termination, if applicable;

C.   Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity

of items or services purchased, and description of items or services purchased, to the extent

such information is obtained in the ordinary course of business;

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 20 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 20 of 23

D.  Complaints and refund requests (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests;

E.  Copies of all sales scripts, training materials, advertisements, or other marketing materials, including via e-mail or websites; and

F.  All records and documents necessary to demonstrate full compliance with each provision of this Final Order, including, but not limited to, copies of acknowledgments of receipt of this Final Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the Commission pursuant to the Section titled "Compliance Reporting."

## VIII. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Final Order, Defendant Greenberg shall deliver copies of this Final Order as directed below:

A.  Defendant Greenberg as control person: For any business that Defendant Greenberg controls, directly or indirectly, or in which such Defendant has a majority ownership interest, that engages in conduct related to the subject matter of this Final Order, such Defendant must deliver a copy of this Final Order to: (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Final Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Final Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 21 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 21 of 23

Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Defendant Greenberg as employee or non-control person: For any business where Defendant Greenberg is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Final Order, such Defendant must deliver a copy of this Final Order to all principals and managers of such business before engaging in such conduct.

C. Defendant Greenberg must secure a signed and dated statement acknowledging receipt of this Final Order, within thirty (30) days of delivery, from all persons receiving a copy of this Final Order pursuant to this Section.

## IX.    ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendant Greenberg, within five (5) business days of receipt of this Final Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Final Order.

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10    Page 22 of 23
Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10    Page 22 of 23

## X.  COOPERATION WITH COMMISSION COUNSEL

**IT IS FURTHER ORDERED** that Defendant Greenberg shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint, cooperate in good faith with the Commission and appear at such places and times as the Commission shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, production of documents, review of documents, and for such other matters as may be reasonably requested by the Commission. If requested in writing by the Commission, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint, Defendant Greenberg shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint, without the service of a subpoena.

## XI.    SCOPE OF ORDER

**IT IS FURTHER ORDERED** that this Final Order resolves only claims against Defendant Greenberg, and does not preclude the Commission from initiating further action or seeking any remedy against any other persons or entities, including, but not limited to, persons or entities who may be subject to portions of this Final Order by virtue of actions taken in concert or participation with Defendant Greenberg, and persons or entities in any type of indemnification or contractual relationship with Defendant Greenberg.

Case 8-10-08753-reg    Doc 10-1    Filed 02/17/11    Entered 02/17/11 14:43:40

10/08/2010 17:31    15163714224                    OFFICE MAX IMPRESS              PAGE  02/02
Case 2:09-cv-02692-LDW -ETB    Document 113    Filed 12/13/10   Page 23 of 23

Case 2:09-cv-02692-LDW -ETB    Document 110-1    Filed 12/07/10   Page 23 of 23

IV.    RETENTION OF JURISDICTION

    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Final Order.

STIPULATED AND AGREED TO BY:

PLAINTIFF:

_____
ROBIN E. EICHEN
KAREN DAHLBERG
Federal Trade Commission
Attorneys for Plaintiff
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2829 (telephone)
(212) 607-2822 (facsimile)

DEFENDANT:

_____        _____
ERNEST BADWAY                                          DANIEL J. GREENBERG
FOX ROTHSCHILD, LLP
Attorney for Defendant
Daniel J. Greenberg
100 Park Avenue
Suite 1500
New York, NY 10014
(212) 878-7900 (telephone)
(212) 692-0940 (facsimile)

    SO ORDERED, ____, this 13 day of December 2010 at ___.M.

_____
LEONARD D. WEXLER
United States District Court Judge

Central Islip, NY

Page 23 of 23